IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE MCCARTHY, as Guardian Ad Litem for T.G., D.G., and T.H.,

        Plaintiffs,

  v.

COUNTY OF SACRAMENTO, FAYE RUTHERFORD, JANA THOFTNE, BRANDY LOMACK, CHRISTY BOMBACK, MARLENE ALBRIGHT, GEORGE MOSCHSKE, CITY OF RANCHO CORDOVA, and DOE OFFICERS,

        Defendants.

2:10-cv-00346-GEB-JFM

<u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. PROC. 4(m) NOTICE</u>

        The February 17, 2010, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for June 14, 2010, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. No joint status report was filed as ordered.

        Plaintiff is Ordered to Show Cause ("OSC") in writing to be filed no later than 4:00 p.m. on July 12, 2010, why sanctions should not be imposed against Plaintiffs and/or their counsel under

1

1  Rule 16(f) of the Federal Rules of Civil Procedure for failure to
2  file a timely status report. The written response shall also state
3  whether Plaintiffs or their counsel is at fault, and whether a
4  hearing is requested on the OSC.[1]  If a hearing is requested, it
5  will be held on July 26, 2010, at 9:00 a.m., just prior to the
6  status conference, which is rescheduled to that date and time.  A
7  status report shall be filed no later than fourteen days prior to
8  the status conference.

     Further, Plaintiffs are **notified under Rule 4(m)** of the
Federal Rules of Civil Procedure **that any defendant not served with process within the 120 day period prescribed in that Rule may be dismissed as a defendant in this action unless Plaintiff provides proof of service or "shows good cause for the failure" to serve within this prescribed period in a filing due no later 4:00 p.m. on June 11, 2010.**

     IT IS SO ORDERED.

Dated:  June 7, 2010

                              GARLAND E. BURRELL, JR.
                              United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).